McAlister v. Novenger, et al.

————o————

MARY A. McALISTER, Appellant, *vs.* SARAH NOVENGER, *et al.*, Respondents.

1. *Dower—Adultery—Statute, construction of.—*A. moved to Missouri, intending to purchase land and establish his home there. His wife declined to accompany him, saying that she might not like his new home. It was finally agreed, that he, if he purchased land, should come for, or send after, her. The wife afterwards committed adultery with one man, and subsequently married another, knowing that her first husband was still alive. She never joined her first husband, and was living with the second husband when she brought suit for dower in the land of her first husband. *Held,* that the separation must be considered as voluntarily made on her part, and her subsequent conduct forfeited under the statute (Wagn. Stat., 542, § 20,) her claims on her first husband's estate for dower.

2. *Dower—Separation—Adultery—Reconciliation—Statute, construction of.—* If a husband and wife voluntarily separate, or the wife willingly and voluntarily lives apart from her husband, and afterwards lives in adultery, and no subsequent reconciliation takes place, she is barred from claiming dower in her deceased husband's estate. (Wagn. Stat., 542, § 20.)

*Appeal from Adair Circuit Court.*

*Barrow & Millan,* for Appellant.

I. If plaintiff is barred of her dower at all, it is by or under the 20th section of the Dower Act, (Wagn. Stat., 542,) which is the same as the statute of Westminister. (13 Edw. I., 1 C., 34.) By this statute adultery alone would not bar dower. There must also be a voluntary separation by the wife from the husband; she must leave him *sponte*. If the husband go away and leave his wife, then even continued adultery after such separation will not bar the wife of her dower. (Elder vs. Reel, 62 Penn. St., 308, and cases cited; 1 Bish., Mar. & Div., § 628; Graham vs. Law, 6 Up. Can.,

310 ; Coggswell vs. Tibbetts, 3 N. H., 41 ; Walters vs. Jordan, 13 Ired., 361 ; 2 Scribner Dow., 501, § 7.)

II. The case of Stegall vs. Stegall, 2 Brock, [Va.] 256, is not applicable. There the wife refused to go and live with her husband because she had heard he had another wife.

*DeFrance & Halliburton*, for Respondents.

I. The going away of a woman is not the gist of the cause of the forfeiture, but the living in adultery. (2 Scribner Dow., 498, § 3 ; 500, § 6.)

II. All the circumstances mentioned in the statute need not concur in form, provided they do so in substance. (2 Scribner Dow., 500, § 6 and n. 3.)

III. Where a woman and her husband voluntarily separate, or she leaves his house on account of his cruelty, or against her consent, or she refuses to go with him to his place of abode, and while living apart she commit adultery, she will forfeit her dower, unless there is a subsequent reconciliation. (1 Wash. Real Prop., [2 Ed.] 196, § 4; 197, § 4 ; Hethrington vs. Graham, 6 Bing., 135; Reel vs. Elder, 62 Penn. St., 308 ; 2 Scribner Dow., 500, § 6 ; 503-4 §§ 10, 11, 12 ; Woodward vs. Dowse, 10 C. B., [N. S.] 722 ; Stegall vs. Stegall, 2 Brock. [Va.], 256.)

IV. The case of Reel vs. Elder, *supra*, relied on by the appellant, is very dissimilar from the one before the court. There the husband slipped away from his wife without her knowledge ; here she refused to go with her husband. Even that case has only one case to support it ; all the other cases are against it.

WAGNER, Judge, delivered the opinion of the court.

The plaintiff instituted her suit in the Adair County Circuit Court asking for an assignment of dower in the estate of her deceased husband. The facts as shown in the bill of exceptions are in brief these : That plaintiff and John McAlister were married in the State of Pennsylvania in the year 1836 or 1837, and that while in that State they resided with plaintiff's step-father ; that sometime after the marriage John

McAlister started for Missouri to look out for a home and purchase land; he requested the plaintiff and her step-father to accompany him, but they declined on the ground that they might not be satisfied with the place after they got there, and it was finally determined that he should go alone, and, if he succeeded in purchasing land, he should either come back after them or send for them. The evidence is not precise as to the time, but it seems that some three or four years after the husband's departure the plaintiff committed adultery and had a child born, whose father was one Sawyer, and a few years after the birth of this child she intermarried with one Rommell, by whom she has had a large family of children, and still continues to live with him as his wife. It appears further, that, when plaintiff first committed adultery, and when she contracted her second marriage, she was aware that her first husband, McAlister, was living, and knew where he resided. The land, in which dower is now claimed, was purchased by McAlister and owned by him at his death. The court below held, that plaintiff was not entitled to dower, and she has appealed the case to this court.

The question presented for determination involves the proper construction of the 20th section of the act concerning Dower. (1 Wagn. Stat., 542.)

That section is as follows: "If a wife voluntarily leave her husband and go away and continue with an adulterer, or after being ravished consent to the ravisher, she shall be forever barred from having her jointure or dower, unless her husband be voluntarily reconciled to her, and suffer her to dwell with him." This section is in substance the same as the statute of 13 Edward I. Ch. 34, commonly called the statute of Westminister second, which enacts, that if a wife elope from her husband and continue with an adulterer, she shall be barred of her dower, unless her husband willingly and without coercion of the church reconcile her and suffer her to dwell with him.

In some of the States this English statute is declared to be in force, and in nearly all the others they have similar or like provisions.

At common law adultery was no bar to dower, and by the statute something more must occur to produce that effect. The construction universally put upon the statute is, that an elopement, a voluntary separation or departure by the wife from her husband, as well as adultery, is necessary to make the bar complete. (Co. Litt., 32, 6 ; 2 Inst., 435.)

There must be an actual separation between the parties, but whether the wife leave her husband with or without his consent, and live in adultery, she will nevertheless forfeit her dower, if there be no subsequent reconciliation between them, (2 Scrib. Dow., 499, § 5 and note.)

The counsel for the appellant have cited Reel vs. Elder, (62 Penn. St., 308,) and rely upon it as the strongest case in their favor. In that case it appears, that John Elder and Amelia Dehart were married, and the difference in their social condition made the marriage an unhappy one. About two weeks after the marriage Elder went away clandestinely saying, that he was going to leave his wife and that he did not want her to know any thing about it. He was absent for many years, and afterwards procured a divorce in the domicile where he removed to. This divorce, was, however, declared to be a nullity. During the absence of Elder his wife, remaining in Pennsylvania, committed adultery. After that he returned, met his wife, declared the divorce a nullity, and lived with her for several months. The parties were again separated, and John lived with another woman, and Amelia, the wife, with another man. They were subsequently reconciled, and lived together till John died, and had children born of this latter union.

Upon the case as thus made out, the court decided that the wife was entitled to dower. It is true the court did not base the decision on the ground of final reconciliation, which, it was said, could only become important if the dower had been barred by force of the statute, but it was not considered that the case came within the statute. The language of the court was : "Now there was not only no evidence, that the plaintiff had willingly left her husband, but the proof was direct, positive

and uncontradicted, that he had deserted her. He did not request her to go with him, nor even inform her of his intention. He left her clandestinely on the false pretense that he was going a gunning, and was absent for several years."

In Hethrington vs. Graham, (6 Bing., 135,) the statute received a full consideration, and it was there held, that if a woman leave her husband with her own free will, or the parties have separated by mutual consent, and the wife afterwards lives in adultery, that her dower will be.forfeited.

"It is contended on the part of the demandant," said Tindal, Ch. J., in his opinion, "that each part of the description of the offense contained in the act must be taken to be cumulative, so that the dower is not barred, unless the wife has left her husband willingly with the adulterer; has gone away with him, and has also continued with him. Whilst on the part of the tenant it is insisted, that it is sufficient to bring the case within the statute, if she has of her own consent left the society of her husband, and after she has so left him committed the act of adultery; and the court is of the latter opinion."

It may be admitted, as the fact is, that in all the ancient precedents the leaving of the husband by the wife is stated to have been with the adulterer. But we think this is not conclusive on the point, for as there can be no doubt that the case is within the statute where all these circumstances concur, so the pleader would of course insert them where the facts of the particular case warranted the insertion.

And, on the contrary, there is direct authority, that all the circumstances mentioned in the statute need not concur in form provided they do so in substance. And this appears more evident by the case of Sir John Conroy, cited in 2 Inst,. 435, where the plea states, that the wife left her husband in his life and lived as an adulteress with Sir W. Paynel, and the replication took issue that she did not live as an adulteress with the said Sir W. P., wherein the bar was held good, though there was no allegation that she left with the adulterer, and it ought not to be forgotten that Britton, whose book

was published immediately after the framing of this statute, speaking of a writ of dower brought against the heir and his guardian, says: "He may say she has forfeited dower of her husband by her adultery, for she went from her husband to another bed after she had married him, and so forfeited her dower. Now here no mention is made of a leaving of her husband, either willingly or with any particular person, but the plea states only in substance that the wife was living apart from her husband in adultery. The authorities therefore, above referred to, place the forfeiture of the dower upon the fact of a living apart from the husband in adultery, and not upon the circumstances attending the elopement, and, as we think the good sense and reason of the case concur with these authorities, we hold the proper construction of the statute to be, what the words still will warrant, that, if a woman leave her husband with her own free will and afterwards lives in adultery, the dower is forfeited."

So in a recent case (Woodward vs. Dowse, 10 C. B., [N. S.] 722,) where the question was elaborately argued, it was held, that a woman forfeits her dower under the statute by adultery without reconciliation, though she originally departed from her husband's house in consequence of his cruelty. In this last case Miller, J., said: "Where a man so conducts himself towards his wife, as to render it unsafe or unreasonable that she should be compelled to live with him, he sends her forth with authority to pledge his credit for necessaries. But still she is bound to conduct herself properly. I must say, I do not think it can be said in this case that the plaintiff's committing adultery was the consequence of the husband's maltreatment or misconduct. It was the result of her yielding to temptation."

The case of Stegall vs. Stegall (2 Brock, 256) is almost identical with the one we are now considering. In that case a separation occurred between husband and wife in consequence of the refusal of the wife to accompany her husband to his place of abode. The wife excused herself for the refusal, upon the ground, that her husband was supposed to be married

to another woman, and her parents would not permit her to go with him. After the separation she contracted a second marriage, and lived and cohabited with her second husband for several years.

Upon a bill filed by her for dower in the estate of the first husband, Marshall, Ch. J., after referring to the statute, which is substantially the same as ours, said: "So far as respects that part of the provision which relates to the wife's willingly leaving her husband, I think it is satisfied by any separation which is voluntary on her part, and I think any separation voluntary, which is not brought about by his acts or by any restraint upon her person. In this case it does not appear, that her person was restrained, and the authority of her parents ceased on her marriage. Her husband wished her to accompany him and she refused. The separation must therefore be considered as voluntary on her part. The report, that he was married with another woman, does not justify her refusal to accompany him, because it was not true in fact, and she ought not to have acted upon it. But if his real situation was such as to justify separation, it could not justify her subsequent conduct. That was incompatible with the continuance of her claims on him as a husband."

In the present case it is shown, that the plaintiff voluntarily staid in Pennsylvania when her husband came to this State. He wanted her to accompany him, but she refused, assigning as a reason that she might not be pleased with his new home. The separation was not brought about by any act on his part; it must therefore be considered as willingly and voluntarily made on her part. Her subsequent conduct was wholly inconsistent with a continuance of her marital rights, and justly forfeited her claims on her first husband's estate for dower.

Adultery is the main offense which causes the forfeiture. From motives of policy the law has deemed it wise to restrict the forfeiture to cases where the wife lived separate and apart from her husband. It is manifestly wise, if the husband and wife, continue to live together till the death of the husband, to let the scene close with his death, and to preclude the heir

from making inquiry as to the conduct of the wife when the ancestor had not complained. But when a separation takes place by mutual consent, or the wife willingly and voluntarily lives apart from her husband, and afterwards lives in adultery, and no subsequent reconciliation takes place, both reason and authority concur in holding, that she is barred from claiming dower in her deceased husband's estate.

I think the court below decided correctly, and its judgment should be affirmed. Affirmed. All the judges concur.